DENMAN *v*. COUNTRY CLUB REALTY COMPANY.

Opinion delivered April 26, 1920.

1. CORPORATIONS—REMEDY ON SUBSCRIPTION CONTRACT.—Under a subscription contract which provided "that default in any payment shall operate as a forfeiture to the company of all payments previously made and the stock issued therefor," no other remedy for a default in payments is given except a forfeiture of installments paid.

2. CORPORATIONS — SUBSCRIPTION CONTRACT — ELECTION.—If a subscription contract gave the corporation the right to elect whether it would declare a forfeiture or sue for the debt, yet where the corporation waited five years after default by a subscriber before suing on the subscription contract, it will be treated as having elected to forfeit an assessment paid, so as to preclude an action on the contract.

3. CORPORATIONS—FORFEITURE OF INSTALLMENTS PAID.—Where the rights of no creditors are involved, and no statute, charter or by-law prohibits, a subscription contract providing that default in any payment shall forfeit previous payments is valid.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

*Hill & Fitzhugh*, for appellant.

1. The court had no jurisdiction, as the justice of the peace had none. 44 Ark. 377; 77 *Id*. 234; 83 *Id*. 372; 10 *Id*. 326; 1 *Id*. 252; 114 *Id*. 304.

2. The suit was barred by limitation, which was pleaded. 12 L. R. A. (N. S.) 1191; 22 *Id*. 1110; 51 *Id*. 151; 92 Ark. 111; 107 *Id*. 106.

3. The corporation could not sue, as it could not accept payment and then declare a forfeiture and afterward sue. 1 Cook on Corp. (6 ed.), §§ 121-125-6; 108 U. S. 436.

4. An equitable defense was pleaded, which was done before a justice of the peace. 44 Ark. 277; 54 *Id.* 30; 55 *Id.* 101. See also 13 Ark. 129; 101 *Id.* 135; 89 *Id.* 309; 113 *Id.* 305; 2 Pom., Eq. Jur., § 859.

*Geo. F. Youmans,* for appellee.

1. The court had jurisdiction, as the justice had each installment in the contract constituted a separate cause of action and not the aggregate amount of the subscription.

2. The suit was not barred by limitation. 26 A. & E. Enc. Law (2 ed), 928; 10 Cyc. 503-4.

3. The provision for a forfeiture was not a part of the contract signed by appellant.

4. Appellant's attempt to set up an equitable defense is futile and falls of its own weight. 92 Ark. 504; 123 S. W. 652. Parol evidence was not admissible to vary a written contract. 154 S. W. 212; 163 *Id.* 788; 138 *Id.* 978; 201 *Id.* 830.

WOOD, J. The appellee, a corporation, brought this action against the appellant in a justice of peace court. The action was begun on March 4, 1919.

The appellee alleged that on or about May 27, 1912, the appellant subscribed for stock in a corporation thereafter to be organized for country club and investment purposes, the face value of the stock being $500, payable in ten annual installments, according to the contract signed by the appellant and others.

The appellee set up the contract, which, among other things provided that "the subscription to said stock shall be paid for in ten equal payments, *i. e.,* ten per cent. of said subscription in cash and ten per cent. each year thereafter with interest at six per cent. per annum added in accordance with the following schedule which is based upon a subscription of $100." The amount of the several payments to be made is then set forth.

The contract contained among others the following provisions: "All subscriptions shall be closed by notes conforming with the above schedule and containing a pro-

vision that default in any payment shall operate as a forfeiture to the company of all payments previously made and the stock issued therefor.''

The appellee alleged that the appellant paid the first of the ten installments but had failed to pay the second, third, fourth, sixth and seventh installments as they became due.

The amended complaint, which was filed in the circuit court after the cause reached that court on appeal, was in six counts stating a separate cause of action for the amount of each of the past due installments.

The appellant answered, setting up three defenses.

*First.* That appellant had made the first payment and that under the contract the default in any subsequent payment forfeited the amount previously paid and appellant's stock.

*Second.* That five years before the action was brought the appellant had denied liability on the subscription contract and that appellee, therefore, was barred from maintaining the suit by the five years statute of limitations.

*Third.* That appellant's subscription to the stock was based upon the condition that if he remain a resident of Fort Smith he was to pay for the stock, but if he moved from the city the subscription was not to be binding upon him. But by mutual mistake the above condition was not incorporated in the subscription agreement; that appellant was not now a resident of Fort Smith.

The appellee demurred to the answer. The court sustained the demurrer. The appellant stood upon his answer. The court, thereupon rendered judgment in favor of the appellee. From which judgment is this appeal.

Under the express provision of the contract "that default in any payment shall operate as a forfeiture to the company of all payments previously made and the stock issued therefor," the failure of appellant to pay the second installment due on his subscription for stock *ipso facto* forfeited the payment he had previously made

and also the stock issued therefor. This provision of the contract is not a penalty against the defaulting subscriber for stock, but is in the nature of liquidated damages for his failure to pay any of the installments as they became due. The peculiar language of the above provision which the subscribers to stock and the organizers of the company chose to express the contract between the corporation and the subscribers to its stock, clearly indicated the purpose to give the corporations, as its only remedy against defaulting subscribers, the right to forfeit the stock and all previous payments made on the stock subscriptions. The language used makes the provision as to forfeitures self-executing. This provision was doubtless intended as a renunciation of the remedy which the corporation otherwise would have had to treat the unpaid balance of appellant's subscription as a debt due the corporation and to have same declared a lien under sections 8553, 8565, 8566, of Kirby's Digest.

The positive language of the contract "that default in any payment shall operate as a forfeiture," etc., had the effect to give the corporation, upon default in any payment, the absolute right to hold the previous payment made by the appellant and also the right to withhold or cancel his stock. The appellee grounds this action on the subscription contract and is bound by it.

But, even if this provision of the contract could be construed as only giving appellee the right to elect whether it would declare a forfeiture or sue for the debt, nevertheless the facts set forth in the answer show that appellee had elected to keep the first payment made by appellant and forfeit his stock.

The conduct of the appellee in waiting more than five years after default in making the second payment before instituting this action shows that the appellee elected to treat the stock and the first payment as forfeited. Having elected to forfeit appellant's cash payment and to treat his stock as forfeited under the contract, appellee correctly construed the contract when it treated the failure of appellant to pay the second installment as, *ipso*

*facto,* a forfeiture of the first payment as well as the stock. The appellee can not therefore in this action pursue the appellant to recover, as for debt, the balance due on stock subscriptions. 1 Cook's Corporations, §§ 121-125, 126.

Although no notes were executed according to the terms of the contract containing the provision above set forth, nevertheless that provision is as much a part of the contract as if the notes had been executed with the provision embodied therein.

The rights of creditors are not involved, and as between the appellant and the appellee, in the absence of some statute, by-law or charter provision prohibiting such contract, the parties can make it and are mutually bound by its terms. See *Collins* v. *Southern Brick Co.,* 92 Ark. 504.

The first paragraph of the appellant's answer, therefore, states a good defense to this action, and the court erred in sustaining the demurrer thereto. Having reached this conclusion, it becomes unnecessary to consider the other defenses.

The judgment is reversed and the cause is dismissed.