# CHARLESTON.

HALCY HENSLEY v. EUSTACE SWANN AND HETTIE SWANN.

Submitted January 23, 1923.    Decided February 6, 1923.

1. DEEDS—*Oral Cancellation or Destruction of Deed Subsequent to Delivery Passing Title Does Not Divest Grantee of Title.*

   Where a deed has been completed by delivery so as to pass title to land, its subsequent oral cancellation, or destruction, though by consent of both parties, does not divest the grantee of title, but it still remains in him. (p. 54).

2. ESCROWS—*Oral Understanding That Deed Complete Upon Face be Delivered to Grantee in Escrow Void.*

   A deed complete upon its face can not be delivered to the grantee therein to be held by him upon a verbal understanding as an escrow. The delivery is absolute, and the verbal understanding void. (p. 54).

Appeal from Circuit Court, Cabell County.

Suit by Halcy Hensley against Eustace Swann and wife. From a decree for plaintiff, defendants appeal.

*Affirmed.*

*L. R. Via*, for appellants.

MEREDITH, JUDGE:

Defendants on this appeal seek to reverse a decree of the circuit court of Cabell County entered June 22, 1922, establishing a deed as a lost instrument for certain land which was made to plaintiff and one of the defendants, cancelling another deed made to both defendants by David Hensley, the grantor in both deeds, and decreeing partition of the land in equal shares.

David Hensley was old and infirm; his wife was dead and he kept "bach" on his small farm of 28 acres in McComas District. He had three children, all married, and living in homes of their own, the plaintiff Halcy Hensley, another son, Lon Hensley, and a daughter, Hettie Swann, the wife of her co-defendant, Eustace Swann. On March 3, 1921, while he was at plaintiff's home he had Justice A. E. Wagner called in to write a contract and deed; plaintiff and Hettie Swann were there. The contract provided that plaintiff and Mrs. Swann should, in consideration of a conveyance to them of their father's farm, support him during the remainder of his life. It was executed by Halcy Hensley and Hettie Swann. At the same time a deed was executed by their father conveying the land to them. It recited a consideration of one dollar, and other valuable considerations, but made no reference to the obligation of the grantees to furnish their father with support. The deed was acknowledged, and both the contract and deed were delivered to Halcy Hensley, in the father's presence, and with his acquiescence. The father requested Halcy Hensley, either then or shortly thereafter, not to place the deed on record. He remained at his son's home for upwards of two months, and, becoming restless, and longing for his own home, he went back there, where he staid about a week. Becoming ill and having no one there to care for him, he went to live with his daughter. Before leaving his son's, however, he had asked and received from him a return of the deed and contract. Both appear to be lost, but their contents were clearly proved by the testimony of Justice Wagner, who wrote them. It appears that after-

wards the father had another deed prepared, but not executed, conveying the land to his three children.  Shortly after going to his daughter's home, he executed a second deed, dated May 17, 1921, conveying the land to the defendants, and it was recorded the next day.  The first deed never was recorded.  He remained with defendants till he died, his death occurring May 31, 1921.

This suit was brought to set aside the deed made to defendants and to partition the land, plaintiff claiming a half interest and conceding to his sister a half interest under the first deed.  There is no claim in the original bill that the deed was lost or destroyed but defendants in their answer admit the execution and delivery of the contract and deed, substantially as above indicated, but aver that the father had an understanding with the plaintiff that he should care for him for the use of the land; that the father as a result of the agreement and understanding lived with plaintiff until a disagreement arose between them, and as a result thereof, they mutually agreed to cancel and rescind the contract and deed, whereupon plaintiff redelivered the deed to his father and it was later destroyed by the father; that a settlement was made between plaintiff and his father for the expenses incurred by plaintiff for the support of his father under the agreement and that this expense was paid to the plaintiff, so that thereby the parties were made whole and the title to the farm was restored to and revested in David Hensley. Defendants admit the execution of the deed to them, dated May 17, 1921, and say that as consideration therefor they were to support David Hensley for the remainder of his life.

The other son, Lon Hensley, claims no interest in the land. Defendants further say that Halcy Hensley failed to furnish the support for his father as provided for in the agreement and that such failure was not occasioned by the neglect, default or conduct of the father nor of the defendants, but that the plaintiff breached the conditions of the agreement and the consideration for the conveyance of the land to him and Hettie Swann failed, and that the defendants fully performed their contract with David Hensley, and that as a

consequence, they are entitled to the land; that after the
last deed was executed, defendants took possession of the
land, and still control it as their own property; that in law
although the legal title to said land is vested in the plaintiff
(meaning thereby, an undivided one-half interest) in equity
the plaintiff should be treated as a trustee holding the legal
title for the use and benefit of defendants, which he should
be compelled to convey to them. They ask that their answer
be taken and treated as a cross-bill, and pray that he may be
compelled to convey his legal title to them.

Defendants demurred to and answered the bill at the same
time. Before the demurrer was disposed of, both parties took
their depositions. Later, upon consideration of the demur-
rer, the court sustained it, but being of opinion that plain-
tiff might cure the defects in his bill by proper amendment,
permitted it to be amended. Aside from correcting certain
clerical errors in the bill the amendment set up the fact that
the original deed made to plaintiff and Hettie Swann by
David Hensley, and relied upon by plaintiff, was lost or de-
stroyed, and asked that the same be set up as a lost or de-
stroyed instrument. The bill and amendment are inaptly
drawn, but the bill as amended is sufficient; the fact that the
deed was executed as detailed by plaintiff in his original bill
is admitted by defendants' answer; and that it was after-
wards destroyed by David Hensley is also averred in defend-
ants' answer. These facts were also proved by the depo-
sitions filed. The defendants filed a demurrer and supple-
mental answer to the bill as amended and in their amended
answer they aver that the deed was placed in the
possession of Halcy Hensley to hold the same in escrow until
other arrangements could be made between the parties to
the deed, but that the deed was conditioned on the agreement
that the grantees therein should support the said David Hens-
ley for the remainder of his natural life; they reiterate their
averments in their original answer and in addition thereto
aver that after the settlement between plaintiff and his
father, the father left his farm and leased it, that this was
known to the plaintiff, came to defendants' home, made an

agreement with them for his support and maintenance, in consideration of which he conveyed to them the land as heretofore shown and remained there until his death. Plaintiff filed a special replication to defendants' amended answer but it in fact is nothing more than a general replication.

The cause was heard upon bill, answer and general replication thereto, amended bill, answer thereto, and general replication, and upon the depositions on behalf of both parties; the court cancelled the deed made to defendants; set up and established the deed of March 3, 1921, executed by David Hensley to Hettie Swann and Halcy Hensley, conveying the 28 acres, as a lost and destroyed instrument, and decreed that the title therein vested in the two grantees, share and share alike; appointed a special commissioner to execute and deliver for record a proper deed, conveying the property by metes and bounds to Haley Hensley and Hettie Swann; and appointed commissioners to partition the land between the plaintiff and his sister, Hettie Swann.

Defendants urge various objections to the decree; first, that the court erred in entering the decree establishing the deed as a lost instrument on the ground that the pleadings and the proof do not justify that portion of the decree; second, that such relief can be had only in an independent suit upon proper pleadings, parties and proof; third, that the contract between plaintiff and his father was mutually rescinded and cancelled and that the plaintiff would not fulfill his part of the contract; fourth, that since all the depositions were taken before the amendment to plaintiff's bill was made that they could not properly be read in support of the amended bill on final hearing.

We have already stated that the bill as amended is sufficient to support the decree and we think the averments of the bill and amended bill are fully supported by proof. There can be no doubt that the deed was delivered to the plaintiff at the instance of the grantor; indeed this is admitted by the defendants in their answer.    They changed base in their answer to the amended bill by stating that it was delivered to him to be held in escrow, but it has been repeatedly de-

cided that a complete deed cannot be delivered to the grantee, to be held by him as an escrow. In such case the condition of delivery is void and the deed becomes at once effective, *Gaffney* v. *Stowers,* 73 W. Va. 420; 80 S. E. 501.

We find, too, that the contract and deed were not mutually rescinded and cancelled, and indeed the deed could not be cancelled and the land therein conveyed be revested in the father by destruction of the deed or a cancellation thereof by mutual oral agreement of the parties. A deed complete upon its face takes effect upon delivery to the grantee, and once delivered, its subsequent destruction under an oral agreement that it shall not be effective does not revest the title or estate in the grantor. This is so well established that it needs no discussion. *Ferguson* v. *Bond,* 39 W. Va. 561; *Roctes* v. *Holliday,* 6 Munf. 251; *Grayson* v. *Richards,* 10 Leigh 57; *Seibel* v. *Rapp,* 85 Va. 28, 68 S. E. 478. Neither can we agree that the plaintiff did not perform his part of the contract of support. The father remained with him for more than two months after the original deed was executed and died within three weeks after leaving his son's home; nor is there anything in the record which tends to show that the son was not willing, able and ready at all times to carry out the contract. If time alone is to be considered he certainly did more for the father than was done by his daughter.

Complaint is made that the depositions should have been retaken; that no depositions were taken in support of the amendment to the bill. We see no merit in this contention. The amendment did not make any new parties to the cause, nor was there need to do so as it is clearly shown that Lon Hensley, the other son, had no interest, and claimed no interest in the land. The amendment does not make a new case, nor was there any real departure from the case shown in the original bill. Indeed, in our view of the case, the depositions could have been wholly omitted or ignored, and if the case were heard upon bill and answer, general replication thereto, amended bill, answer thereto, and general replication, the plaintiff would be entitled to the relief asked and granted.

The primary function of a court of equity is to do justice and it was eminently proper to permit the amendment to be made so as to make the allegations of the bill correspond to the proof. The depositions taken were relevant to the issue and it was not error to read them in support of the bill and the amendment thereto. 1 Hogg, Equity Procedure (Carlin's Ed.) §346, and cases cited. If the defendants had desired to take depositions to meet the averments in the amendment to the bill they could have done so, though as a matter of fact, there was no averment therein which needed any proof to support it. The defendants admitted that the deed was lost. The amendment was germane to the bill and there was no necessity for plaintiff to file an independent suit to reestablish the lost or destroyed deed. We have carefully examined the cases cited by counsel for appellants, and find no error in the decree complained of. It is therefore affirmed.

*Affirmed.*