12699

ALEXANDER v. KERHULAS

(149 S. E., 12)

*Mr. John K. Hamblin,* for appellant,

*Mr. J. G. Hughes,* for respondent, 

July 10, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This action was instituted by appellant on a check bearing date July 28, 1925, payable to Sam C. Alexander. The said check was signed by A. Kerhulas. The check was protested for nonpayment. The check was given in pursuance of a written contract, to wit, a bond for title to purchase a certain lot in the State of Florida. Contract provides in consideration of $750 paid in cash, the receipt whereof is acknowledged, the party of the second part sells to party of the first part, heirs and assigns, a certain lot for $15,000, upon the following terms: $750 as above; $5,750 cash within 60 days from date or as soon thereafter as abstract showing good and sufficient title can be furnished; and the balance in two payments, one and two years. Party of the first part agrees to furnish an abstract showing good and sufficient title free from all incumbrances in Sam C. Alexander, agent. It provides for the closing of said transaction by a purchase-money mortgage and notes, and was signed in duplicate on the 28th day of July, 1925, by Sam C. Alexander, agent, and A. Kerhulas.

The defendant, among other things, testified that he took the option (or contract to purchase) in question and gave the said agent the check for $750; but that the check was to be held pending his return home (to Union, S. C.); and further

that the option was to be canceled if after his return home he should be unable to raise the balance of the first purchase price payment on the said lot; that such was the distinct understanding through verbal statements made at the time of the delivery of the check to the representative of the firm of Alexander & Corker. The testimony of the defendant over the objection of the plaintiff tended to establish this alleged defense.

Appellant appeals by 17 exceptions.

Exceptions 1, 2, 4, 7, 8, 9 and 10 allege that testimony offered in the trial of the case as to conditional delivery of the check and contract of sale constituted an attempt to vary the terms of the written contract. All of these exceptions—at least parts of all of them, since some cover more than one contention—appear to be based on the erroneous assumption that testimony as to a conditional delivery is parol evidence offered to vary the terms of the written instrument. In this case no effort has been made to vary the written instruments by parol or other evidence. Not a single witness has questioned one word in such instruments, and the defendant has admitted the due execution of them. The defendant does contend that, regardless of the correctness of the form and execution of those papers, they were delivered conditionally and their effectiveness depended upon a condition yet to happen and which did not happen. If the time ever comes when conditions and reservations in delivery of papers cannot be proven in the Courts, then the unscrupulous can take advantage of situations of trust and confidence and the victim will be without recourse. Escrows would be endangered and every transaction would have to be absolutely closed by all parties on the instant.

The law has always recognized conditional deliveries of papers, especially those affecting real estate transactions as in this case, and it has invariably been held that the intention of the parties controlled as to whether a delivery was absolute or conditional. The evidence in this case

is clear and strong from both parties actually effecting the deal, the agent Proctor and the defendant, that the entire transaction was conditional and the delivery of the papers was so understood.

It seems that in this State and elsewhere most of the decisions on conditional delivery have concerned deeds to real estate, as in the case at bar. If a transaction complete on its face like a deed can be subject to conditional delivery, certainly a contract for sale and a check connected with it should be. The cases of *Arthur v. Anderson*, 9 S. C., 234, and *Fraser v. Davie*, 11 S. C., 56, held that manual delivery of a deed will not be regarded as full and complete delivery when it was mutually understood at the time that such deed was not to become operative until some future event.

In *Morgan v. Morgan*, 116 S. C., 272, 108 S. E., 110, it was held that, "Delivery is a matter of intention; it cannot be in the absence of it."

The case of *Burke v. Burke*, 141 S. C., 1, on page 7, 139 S. E., 209, 210 (56 A. L. R., 729), quotes with approval a number of cases and citations as follows:

"It was said by the eminent Justice McIver in *Coln v. Coln*, 24 S. C., 596, 597:

" 'Delivery is essential to the validity of a deed, and the mere fact of manual delivery, in the absence of intention by that act to pass the title, will not be sufficient. In the absence of evidence to the contrary, intention to deliver may be inferred from mere manual delivery.'

"A substantial reiteration of the same principle is found in the recent case of *Powers v. Rawls*, 119 S. C., at page 153, 112 S. E., 85, in which Mr. Justice Marion said:

" 'Intention has been called the essence of delivery. 8 R. C. L., p. 978. Delivery of a deed includes, not only an act by which the grantor evinces a purpose to part with the control of the instrument, but a concurring intent thereby to vest the title in the grantee.' "

The same case, on page 9 of 141 S. C. (139 S. E., 211), holds: "The *prima facie* presumption of delivery which is raised by the record of the deed cannot stand up when circumstances inconsistent with such presumption are clearly established by direct testimony."

In the case now before the Court there is direct testimony from both sides of the transaction that should be thoroughly convincing that there was only a conditional delivery of the papers.

Our position is upheld by Elliott on Contracts, Vol. 4, pp. 1133, 1134, Par. 3910:

"The controlling question of delivery in all cases is one of intention. * * * Whether there has been a delivery is a question of fact rather than of law.

" * * * Even the actual or physical passing over of the deed from the grantor to the grantee may not complete the delivery in case the parties both agreed that the deed should not become operative until the happening of some future event," etc.

These exceptions are overruled.

We have carefully considered all of the exceptions and can see no error in the trial of the case as complained of by the exceptions. The issues of fact were properly submitted to the jury under an able charge of the Judge.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.

MR. JUSTICE COTHRAN (concurring): I think that the true rule in reference to the admission of parol evidence in cases like the present is clearly stated in 22 C. J., 1149, as follows: "The rule excluding parol evidence has no place in any inquiry unless the Court has before it some ascertained paper beyond question binding and of full effect, and hence parol evidence is admissible to show conditions relating to the delivery or *taking effect of the instrument,* as that it shall only become effective upon certain conditions or contingencies,

for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; but evidence is not admissible which, conceding the existence and delivery of the contract or obligation, and that it was at one time effective, seeks to nullify, modify, or change the character of the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon certain conditions or contingencies, for this does vary or contradict the terms of the writing."

The evidence offered tends to show that it was expressly understood and agreed by the parties, at the time of the execution and delivery of the check and contract, that the check was to be held conditionally upon the ability of the defendant upon his return home, to make the necessary financial arrangements to meet the check and the cash payment of $5,-750 within 60 days; and that if he could not do so, the check was to be returned to him and the contract canceled. It tended to show that at that time there was no ascertained paper beyond question binding and of full effect, but rather that the papers exchanged *were only to become effective* upon the conditions mentioned.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.