ANDERSON H. BROWN *v.* H. L. CABELL *et al.*

(No. 6946)

Submitted October 13, 1931. Decided October 20, 1931.

*T. G. Nutter* and *C. E. Kimbrough, Sr.,* for appellant.

*J. N. Kenna* and *S. L. Flournoy,* for appellees.

WOODS, JUDGE:

This is a suit to cancel certain deeds, deeds of trust and notes, on the theory that said writings never had any legal existence. Plaintiff's bill was held insufficient on demurrer; hence this appeal.

It appears that H. L. Cabell, the owner of a certain lot on Shrewsbury Street, in the city of Charleston, approached plaintiff, as a prospective purchaser; that the former offered the property at $20,000.00, terms, $9,000.00 in cash or its equivalent on delivery of deed, remainder in five years and evidenced by note; that plaintiff explained that he could not and would not purchase the lot unless a long-time loan could be secured thereon; that the Security Bank & Trust Company, as agent for the Metropolitan Life Insurance Company in matters of loans on real estate, after being fully advised concerning the terms upon which Brown would buy, agreed to advance $6,800.00, pending application to the Metropolitan Company; that Brown conveyed two lots to Cabell to satisfy the remainder of the cash payment; that plaintiff gave the

bank two deeds of trust on the Shrewsbury lot, one to secure the temporary loan, the other, in form required by the Metropolitan Company, to secure a $7,000.00 loan, payable over a period of fourteen years; that the latter deed of trust and note were assigned by the bank to the Metropolitan Company, in anticipation of the proposed long-time loan in that amount, the proceeds of which were to satisfy the bank on its short-time loan; that a deed of trust was also executed to secure Cabell in payment of the $11,000.00, which was evidenced by a note, payable in five years; that Cabell executed a deed for the property to the plaintiff, and that plaintiff proceeded to place improvements upon said lot. The Metropolitan Company finally refused to make the loan. The bank is now demanding payment of the short-time loan, and has advised plaintiff that it is going to direct the trustee to sell the property under its deed of trust; Cabell has instituted suit for the remainder of the purchase price of the lot.

Plaintiff contends, and so alleges in his bill, that all of the above writings were executed and delivered under an agreement or understanding between himself, Cabell and the bank, that the purchase of the Shrewsbury lot was dependent upon the procurement of the "long-time" loan. Defendants' counter is that the allegations to the effect that the several writings were signed and delivered, and that Brown went upon the property and began to improve it are diametrically opposed to plaintiff's theory, in that they show that the title passed and the estate vested; and that the alleged agreement or understanding is at best only a condition subsequent, which should appear on the face of the pleadings to be a part of the deed.

So far as plaintiff's theory is concerned the agreement or understanding need not be in writing. It has been the law from early times that a written contract, however full and complete, may be wholly set aside and defeated, by oral proof of a verbal agreement made at the time, or prior thereto, that it was not to take effect or to be operative at all under certain conditions. 3 Jones Commentaries on Evidence (2nd Ed.), sec. 1514; *Rogers* v. *Hadley*, 2 Hurl. & C. 227; *Brady* v. *Kern*,

218 Fed. 862; *Barr Cash & Package Carrier Co.* v. *Mercantile Co.*, 82 Ark. 225; *Bell* v. *McDonald*, 308 Ill. 329; *Bartholomew* v. *Fell*, 92 Kan. 64; *Tovera* v. *Parker*, 35 Okla. 76; *Paulson* v. *Boyd*, 137 Wis. 248.

But recurring to defendants' contention. They assert that there can be no question about a delivery and acceptance having actually taken place and title having passed; that the improvements "cinched" the question of delivery and acceptance. As we see it, the allegations relied upon by defendants are equally consistent with plaintiff's theory of conditional delivery. In order to secure a loan in his own name, it was necessary to show title in plaintiff; the fact that improvements were made upon the property is not inconsistent with his allegation of conditional delivery. In the case of *Catt* v. *Olivier*, 98 Va. 580, where notes were delivered on conditions that were not fulfilled, it was held that the payment on notes delivered on such conditions before the conditions had been complied with was not a waiver of the conditions where the maker had the right to expect, and did expect, that the conditions would be complied with, and the money applied as he had stipulated that it would be. In the bill here it is specifically alleged that possession was taken of the property and improvements made thereon by Brown in the belief and upon the assurance of the defendants that the loan would materialize.

The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative and that its obligation never commenced. *Wilson* v. *Powers*, 131 Mass. 539.

It is well settled that a demurrer to a pleading admits the truth of all matters of fact well pleaded, and all reasonable inferences or necessary presumptions fairly attributable to such facts. *Browning* v. *Browning*, 85 W. Va. 46. So, giving this rule its proper effect here, the action of the lower court in sustaining the demurrer to the bill must be reversed.

*Reversed and Remanded.*

HATCHER, JUDGE, *dissenting*:

In the plaintiff's amended bill he states specifically that the agreement with Cabell in case plaintiff could not secure the loan referred to in the majority opinion was, that Cabell "would return to the said plaintiff all of the consideration paid by the said plaintiff upon the said purchase and the said plaintiff would return to the said H. L. Cabell the said Shrewsbury Street property." If the Cabell deed was not to become effective before the loan was consummated, there would have been no need of an agreement for Brown "to return to the said H. L. Cabell" the lot. Brown would not have agreed to return something he did not expect to get. That he did construe the deed from Cabell as effective upon delivery to pass title to, as well as physical possession of, the lot is demonstrated by allegations showing that he treated the lot as an absolute owner, namely, that he forthwith executed a deed of trust on the lot, and that he not only "moved on" the lot but erected thereon *at his own cost* a dwelling house and a store building. To my mind it is incomprehensible that Brown should have considered the deal ineffective, as he now contends, and yet have expended $8,000.00 improving the lot, without an agreement with Cabell to repay him for the improvements. No such agreement is alleged, and no accounting for the $8,000.00 so expended is prayed for. The rule upon which the majority opinion is based does not in my opinion apply to this suit; as Cabell delivered the deed to Brown not "to take effect only upon the happening of a future contingency" (as the rule contemplates) but to take immediate effect.

A condition subsequent is defined as one "which operates upon estate already created." It seems to me the condition alleged is such a condition, and that oral proof is not permissible to ingraft that condition upon the written instrument between Cabell and Brown. *Continental Trust Co.* v. *Witt,* 139 Va. 458; *Bradshaw* v. *Farnsworth,* 65 W. Va. 28; *Orrick* v. *Dawson,* 67 W. Va. 403. Moreover this court is committed to the rule that such an instrument cannot be delivered by the grantor to the grantee in escrow. *Rouss* v. *Rouss,* 90 W. Va. 646, 652; *Hensley* v. *Swann,* 93 W. Va. 49, 53-4. Therefore I respectfully dissent.