[No. 33788.   Department Two.   December 6, 1956.]

GRETCHEN R. MEYER, *Appellant*, v. HARRY H. ARMSTRONG *et al.*, *Respondents*.[1]

*Bullitt & Mohl*, for appellant.

*H. A. Martin*, for respondents.

MALLERY, J.—In his lifetime, Fred P. Meyer, now deceased, had been in a joint enterprise with defendant Harry H. Armstrong in the "White Elephant" mine in British Columbia. The mine was held in Armstrong's name, who had rendered certain services in connection therewith. Most of the costs of mine development had been borne by

[1]Reported in 304 P. (2d) 710.

Meyer, who wanted some kind of a written record by which his right therein could be established in the event of his death. Defendant Armstrong executed a promissory note upon a printed form of the Seattle First National Bank. It was for eight hundred dollars at four per cent interest, payable upon demand, negotiable in form, and recited "for value received." Defendant Armstrong delivered it to Meyer upon the oral agreement that no demand would be made nor would the note be payable unless and until the mine was either sold or produced an income from which it could be paid.

Meyer died after the delivery of the note to him, and his surviving spouse brought suit upon it alleging ownership by inheritance.

The trial court found there had been a conditional delivery of the note and that the condition had not occurred which would make it effective. It dismissed the action. The plaintiff appeals.

The appellant contends the oral agreement did not create a conditional delivery of the note, and that it cannot be used to contradict its terms under the parol evidence rule.

A valid written instrument is predicated upon (1) its execution, and (2) its delivery with intent to put it into effect. The question of delivery arises before the terms of the instrument or the parol evidence rule become pertinent.

A *conditional* delivery is, in effect, *no* delivery until the happening of the *condition* agreed upon or imposed. No legal rights exist under the instrument prior to its occurrence, notwithstanding the physical possession of the instrument. The situation is comparable to an escrow, except that the interested party is trusted with possession of the instrument instead of a third person. Upon the happening of the condition, the instrument goes into effect according to its terms. If the condition is intended by the parties to contradict the terms of the instrument, it is not, in fact, a conditional delivery, but a preagreed modification of a subsequently executed instrument and, as such, falls under the ban of the parol evidence rule. *Nelson Equip-*

*ment Co. v. Goodman,* 42 Wn. (2d) 284, 254 P. (2d) 727; *Fleming v. August,* 48 Wn. (2d) 131, 291 P. (2d) 639.

■ The oral agreement in question qualifies the absolute obligation of the instrument by making it payable only out of the selling price of the mine or from the profits of its operation. This is inconsistent with and contradictory to the form of the printed note. The happening of the condition would therefore not give effect to the instrument, but contradict it. The oral agreement was not a valid conditional delivery, and the parol evidence rule therefore applies to it.

The judgment is reversed.

DONWORTH, C. J., HILL, WEAVER, and OTT, JJ., concur.

---

February 1, 1957. Petition for rehearing denied.