98 So.2d 808 (1957)
George CHAPPELL and Mrs. G.H. Chappell, his wife, Appellants,
v.
A.C. HASCHE, doing business as A.C. Hasche Realty in Hillsborough County, Florida, Appellee.
No. 148.
District Court of Appeal of Florida. Second District.
December 11, 1957.
*809 Lifsey, Pursifull & Johnston, Tampa, for appellants.
C.N. Sells, Tampa, for appellee.
KANNER, Chief Judge.
Appellants instituted action to recover a deposit of $1,000 given in connection with a written contract to purchase a grocery business and certain property. Motion was granted to dismiss the complaint. Appellants declined to plead further, and thereupon judgment was entered against them. This appeal is from that judgment.
The essential question is whether the allegations contained in the complaint adequately set up a condition precedent, that is, that the written contract of sale was subject to the oral condition that it should become effective only on the happening of a certain condition or contingency, so as to authorize recovery.
The pertinent allegations of the complaint are:
"1.
"That on October 19, 1956, plaintiffs entered into an agreement with the defendant, whereby the defendant, as Escrow Agent, was to hold certain funds belonging to the plaintiffs until certain conditions set forth in said contract had expired or been completed, and if not so completed, defendant was to return said funds to the plaintiffs. That a copy of said agreement is hereto attached and marked `Plaintiff's Exhibit A'.
"2.
"That defendant is a real estate broker operating in Tampa, Hillsborough County, Florida, and that said agreement was executed in Tampa, Florida, in connection with the purchase of certain property located in Hillsborough County, Florida.

*810 "3.
"That at the time of the execution of said contract, it was understood and agreed between all of the parties that the plaintiffs might not be able to raise the necessary down payment of $10,000.00 as conditioned by said contract, and that by the terms of said agreement plaintiffs `reserved 30 days to acquire said down payment', and that at said time it was the understanding of the parties that if the plaintiffs were unable to acquire such down payment, the contract would not become effective as a binding agreement and the $1,000.00 deposit would be returned.
"4.
"That on or before October 23, 1956, it became apparent to the plaintiffs that they would not be able to secure the necessary down payment as conditioned by said contract, and the plaintiffs notified the defendant of this fact according to the understanding between the parties, and requested of him a return of said deposit, but notwithstanding the fact that he was obligated to do so by the terms of said contract, the defendant refused and has to the date of the filing of this complaint continued to refuse to return any of the funds of the plaintiffs, although demand has often been made for the return of same."
The appellee was the broker as well as the escrow agent in the transaction. The contract is dated October 19, 1956. It provides that the purchase price was $17,500 payable $10,000 in cash, on which the $1,000 deposit was to apply with the condition that the buyer reserved 30 days to acquire the down payment, and that the balance of the purchase price was to be paid on a monthly basis. The contract provided subject to a title curative period that the sale should be closed on or before December 1, 1956.
The legal principle relating to the delivery or the taking effect of a written contract with reference to the "parol evidence rule" is thus stated in 32 C.J.S. Evidence § 935, p. 857:
"In general, parol evidence is admissible to show conditions precedent, which relate to the existence of a valid contract, but is not admissible to show conditions subsequent, which provide for the nullification or modification of an existing contract."
Also, in Corbin on Contracts, volume 3, section 589, pp. 318-320, it is said:
"Everyone agrees that the mere existence of a written document does not prove that a contract has been made. This is true, even though the document has all the appearance of a contract complete in every detail, with signatures, witnessing clause, and other legal symbols. Everyone agrees, also, that if no contract has been made, the `parol evidence rule' has no application. This has supplied one of the frequently used methods by which courts have explained their admission of oral testimony in conflict with a document. A written document, unconditional on its face and fully executed, can be shown by oral testimony to have been delivered subject to a condition precedent. As long as the condition has not occurred, so they say, no contract has been made. Therefore, oral proof of the conditional delivery is admissible in spite of the face of the document to the contrary."
See also 20 Am.Jur., Evidence, section 1095, p. 956, and Wigmore on Evidence, volume IX, section 2410, pp. 30-35.
The principle stated has long been recognized and generally accepted, both in England and in this country. The reason underlying this exception to the parol evidence rule is that oral evidence is generally permitted to be introduced to show that the parties, prior to or at the time they made a written contract of sale, entered into an agreement that such contract of sale should *811 become operative only on the occurring of a certain condition or contingency, the theory being that such evidence only goes to prove that the instrument never matured as a valid obligation and hence there could be no modification or variance or contradiction of it as such. 46 Am.Jur., Sales, section 283, p. 467.
Although parol evidence is admissible to show conditions precedent which concern the existence of a written contract, it must be recognized that the finality of the writing in each case depends upon its own circumstances; or as otherwise stated, whether the contract is absolute or conditional depends upon the factual situation in each case.
The following cases illustrate the application of the exception to the parol evidence rule favoring admission of an oral condition.
The case of Alexander v. Kerhulas, 1929, 151 S.C. 354, 149 S.E. 12, was an action of appellant on a check protested for nonpayment given in pursuance of a written contract to purchase a certain lot in the State of Florida. The purchase price was $15,000, $750 to be paid in case, $5,750 cash within sixty days from date of contract or as soon thereafter as abstract showing good and sufficient title could be furnished, and the balance to be secured by a purchase money mortgage and notes to be paid in one and two years. The defendant testified that he took the contract to purchase and gave the agent a check for $750 with the distinct understanding that such check was to be held until his return home, that the contract was to be cancelled if after his return home he could not raise the balance of the first purchase price payment. This testimony was admitted over the objection of plaintiff. The court said:
"* * * In this case no effort has been made to vary the written instruments by parol or other evidence. Not a single witness has questioned one word in such instruments, and the defendant has admitted the due execution of them. The defendant does contend that, regardless of the correctness of the form and execution of those papers, they were delivered conditionally and their effectiveness depended upon a condition yet to happen and which did not happen. If the time ever comes when conditions and reservations in delivery of papers cannot be proven in the courts, then the unscrupulous can take advantage of situations of trust and confidence and the victim will be without recourse. Escrows would be endangered and every transaction would have to be absolutely closed by all parties on the instant."
The judgment for the defendant was affirmed.
Also, the case of Brown v. Cabell, 1931, 111 W. Va. 186, 161 S.E. 438, 439, was a suit to cancel certain deeds and notes on the theory that these instruments never had any legal existence. Plaintiff's bill was held insufficient on demurrer. The position of the parties is thus stated in that case: "Plaintiff contends, and so alleges in his bill, that all of the above writings were executed and delivered under an agreement or understanding between himself, Cabell, and the bank; that the purchase of the Shrewsbury lot was dependent upon the procurement of the `long-time' loan. Defendants' counter is that the allegations to the effect that the several writings were signed and delivered, and that Brown went upon the property and began to improve it, are diametrically opposed to plaintiff's theory, in that they show that the title passed and the estate vested; and that the alleged agreement or understanding is at best only a condition subsequent, which should appear on the face of the pleadings to be a part of the deed." The court held the bill to be sufficient and reversed the ruling of the lower court sustaining the demurrer.
The Supreme Court of Rhode Island, in the case of Allen v. Marciano, 1951, 79 R.I. 98, 84 A.2d 425, an action to recover *812 the amount paid as a binder and part payment on the purchase price of realty, held that the evidence showing that the defendant's agent had orally agreed that the sale was dependent upon plaintiff's obtaining a G.I. loan, and that the binder payment was made subject to plaintiff's right to a refund if the sale could not be concluded because of the failure to obtain such a loan, showed a condition precedent to the taking effect of the written contract and was admissible under exception to the parol evidence rule. Plaintiff recovered judgment.
The case of Hensley Ins. Co. v. Echols, 1947, 159 Fla. 324, 31 So.2d 625, 626, concerned a commission claimed to be due in connection with an uncompleted sale of certain land. The declaration was based upon a provision in the contract between plaintiff as realtor, the buyers, and the defendant as the seller. The contract provided that "The Seller agrees to pay to said Realtor a sum equal to Five (5) % of the purchase price as commission. The right to said commission shall become fixed and final when the Seller and the Buyer shall have executed this contract of purchase and sale." The case was tried on the third plea alleging in effect that the property was the homestead of defendant and his wife, that plaintiff knew this, and that the contract was signed by plaintiff with the understanding that it would not be binding as between the parties until the same was actually signed by defendant's wife, and that she never signed it. Plaintiff's chief objection was that parol evidence was not admissible to prove a conditional delivery of a written instrument and consequently there was no admissible evidence to prove this defense. The Supreme Court held that the third plea stated a good defense and that the trial court was correct in admitting evidence to prove such defense. Judgment for defendant was affirmed.
An analysis of the foregoing cases clearly shows that they were decided on the principle of the exception to the parol evidence rule hereinbefore stated, that parol evidence is admissible to show conditions precedent which relate to the delivery or taking effect of a written instrument.
It is to be observed that the $1,000 deposit made under the contract and sought to be recovered was to be held by appellee as agent in escrow pending closing of the transaction. The allegations of the complaint meet the test of the authorities cited; therefore, the trial judge was in error in granting the motion to dismiss. We are not here dealing with the merits of the case but our holding is only that the complaint states a cause of action.
The judgment of the trial court is hereby reversed.
ALLEN, J., and CULVER SMITH, A.J., concur.