[No. 34464. Department One. August 7, 1958.]

HAROLD J. PACKETTE *et al., Appellants,* v. RUSSELL L. SWEANY *et al, Respondents.*[1]

*Frederick B. Cohen, John E. Bowen,* and *John Sterbick,* for appellants.

*Greenwood, Shiers & Presser,* for respondents.

MALLERY, J.—The plaintiffs owned forty acres of land in Kitsap county. Their dwelling was on the north half of it. They desired to build themselves a new house on the south half. To this end, they replaced the mortgage on the forty acres with a new one, which was limited to the north half, and, thus, had the south half free and clear of incumbrance and ready for a construction mortgage.

On January 14, 1955, the plaintiffs orally agreed with the defendants for them to construct the proposed house according to the plaintiffs' plans and specifications for a total price of $16,123.50. They deeded the land to the defendants, who gave the plaintiffs an earnest-money receipt reciting the terms of purchase of the house and a down payment of four thousand dollars, which represented the value of the land plaintiffs had deeded to them.

The plaintiffs moved into the house after it was completed. They were unable, however, to procure a loan on

[1]Reported in 328 P. (2d) 696.

it. The defendants were able to finance it by a mortgage placed upon the property, and have made the payments upon it ever since.

On June 4, 1955, the plaintiffs went to the defendants' office and told them they were going to give up the house and return to Nebraska. Plaintiffs asked for some evidence in writing that they had an interest in the property. The defendants said they were unable to buy plaintiffs' interest in the land, as recited in the earnest-money receipt, but conditionally delivered a signed instrument containing a condition precedent in which they agreed to pay the amount of four thousand dollars plus an item of two hundred fifty dollars for a pump, which plaintiffs had installed at their own expense. The instrument contained the following language:

"Port Orchard, Wash., 6 June, 1955
"*Upon Sale* of New Home at Olalla, Route 1, Box 166, after date, without grace, for value received, I promise to pay to Harold J. Packette and Iona P. Packette, or order, the sum of Forty Two Hundred Fifty and No/100 Dollars with interest thereon at the rate of No per cent. per annum from date hereof, *payable as noted*. . . ." (Italics ours.)

The defendants have been unable to sell the house for enough to pay their own costs in connection with the construction of the house plus the $4,250 mentioned in the instrument, and, hence, refused payment upon the plaintiffs' demand.

The plaintiffs brought this action to recover the amount in the instrument as if it were an absolute obligation. The defendants cross-complained to quiet title to the property in themselves.

The trial court decreed that the defendants should sell the property within six months, and, after deducting their own costs of construction and the costs of the suit, they were to pay the balance of the selling price to the plaintiffs. The plaintiffs have appealed.

We find no merit in appellants' assignment of error directed to the court's findings of fact. They are supported by the record.

In opposition to the court's conclusions of law, the appellants contend that the instrument is an *absolute* obligation to pay that was unconditionally delivered, and, hence, the court erred in finding the existence of a condition precedent and in admitting parol testimony regarding its conditional delivery. We do not agree.

The condition on the face of the instrument made it ambiguous, which, together with the conditional delivery, made the parol evidence rule inapplicable. See *Meyer v. Armstrong*, 49 Wn. (2d) 598, 304 P. (2d) 710. The respondents did not cross-appeal.

The judgment is affirmed.

HILL, C. J., FINLEY, FOSTER, and HUNTER, JJ., concur.