KNOTT, JAMES R., Associate Judge.
This was a mortgage foreclosure suit in which appeal was taken by the plaintiffs from a decree dismissing the cause with prejudice.
The mortgage encumbered a one-half interest in certain lands which had been conveyed on July 29, 1954, by the plaintiffs to the defendants, and was alleged by plaintiffs to constitute a purchase money mortgage. The defendants’ amended answer, admitting that there had been no payment made on the note, alleged affirmatively that the parties had entered into a partnership agreement; that the note and mortgage were but a part of the entire agreement and were executed solely to protect plaintiffs’ interest in the partnership property as against the heirs of defendants in event of the death of both defendants within a year from the time the partnership agreement was made; that the note and mortgage were not to become binding except upon the death of both defendants within that year.
The chancellor denied a motion to strike the affirmative defense and thereupon, over plaintiffs’ objection, allowed the introduction of parol evidence consisting of the testimony of the attorney who drafted the partnership agreement for the parties. The depositions de bene esse of defendants, taken in connection with another suit between the parties for dissolution of the partnership, were also before the court.
The parties had agreed to enter into partnership in a dairy business. Paragraphs 5, 6, 17 and 18 of the agreement are as follows:
“5. The capital of said partnership shall consist of the sum of $73,464.00, which shall be composed of the following items, to-wit:
(a) Land, buildings and equipment, $40,500.00
(b) Cattle, 42 head @ $300.00 12,600.00
(c) Cash on hand, 11,364.00
(d) Bradenton Production Credit
Association loans, 9,000.00
$73,mod
"6. The partnership is to be considered as an equal, fifty-fifty partnership, i. e., the parties of the first part are considered to be the owners of an undivided one-half (14) interest in the partnership business and assets, and are considered to have paid in one-half of the capital of the partnership, as hereinabove set forth; and the parties of the second part are considered to be the owners of an undivided one-half (}/£) interest in the partnership business and assets, and are considered to have paid in one-half of the capital of the partnership, as hereinabove set forth.
*592 “17. It is Mutually Understood and Agreed between the parties hereto that, in the event both of the parties of the second part should die prior to twelve (12) months after the date of ' this agreement, the surviving heirs of said parties of the second part shall be entitled to receive only such capital assets (cash and livestock) which the parties of the second part shall have invested in the partnership prior to the date of death of the surviving member of said parties of the second part, and such heirs shall not be entitled to participate in the profits, if any, of the partnership during said period.
“18. After the expiration of one (1) year from the date of this agreement, the parties of the first part, their heirs and assigns, and the parties of the second part, their heirs and assigns, shall be entitled to an equal, fifty-fifty participation in the partnership assets.”
It was determined by the trial court that the true purpose of the note and mortgage was to protect plaintiffs’ interest in the partnership property. It was further- determined, in support of the defendants’ position, that the note and mortgage were not to become binding except upon the happening of a certain event in the future; viz., the death of both defendants within one year from the execution of the note and mortgage, which event did not occur, and therefore the note and mortgage became null and void. The suit was dismissed.
The plaintiffs, appellants here, challenge the propriety of the affirmative defense and the proof thereof, .as violative of the parol evidence rule. Defendants, while admitting the due execution of the note and mortgage, contend that they were delivered conditionally, not to become binding except Upon the happening of an event which never occurred, and that such matters may properly be established by parol evidence.
We observe at the outset that there was in this case no attempt to vary or modify the written instruments involved by parol evidence or otherwise. As in the case of Bassato v. Denicola, Fla., 80 So.2d 353, 354, the allegations of the affirmative defense under consideration were sufficient to make a case under Section 674.18, F.S. A., that as between the immediate parties, “the delivery [of a promissory note] may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument * * * ”
This court, in deciding the case of Chappell v. Hasche, Fla.App., 98 So.2d 808, 810, recognized the legal principle relating to the delivery or the taking effect of a written contract with reference to the “parol evidence rule” as stated in 32 C.J.S., Evidence § 935, p. 857:
“In general, parol evidence is admissible to show conditions precedent, which relate to the existence of a valid contract * *
In Corbin on Contracts, volume 3, § 58^, pp. 318-320, it is said:
“Everyone agrees that the mere existence of a written document does not prove that a contract has been made. This is true, even though the document has all the appearance of a contract complete in every detail, with signatures, witnessing clause, and other legal symbols. Everyone agrees, also, that if no contract has been made, the ‘parol evidence rule’ has no application. This has supplied one of the frequently used methods by which courts have explained their admission of oral testimony in conflict with a document. A written document, unconditional on its face and fully executed, can be shown by oral testimony to have been delivered subject to a condition precedent. As long as the condition has not occurred, so they say, no contract has been made. Therefore, oral proof of the condition *593 al delivery is admissible in spite of the face of the document to the contrary.”
See also 20 Am.Jur., Evidence, § 1095, p. 956, and Wigmore on Evidence, volume IX, § 2410, pp. 30-35, cited in Chappell v. Hasche, supra.
The rule was stated in Tharp v. Kitchell, 151 Fla. 226, 9 So.2d 457, 460, as follows:
“Parol evidence is admissible, as between the parties, to show that a negotiable note was not to become binding, except upon the happening of a certain event in the future. Such evidence does not vary the terms of a written instrument but tends to establish the fact that the note as between the parties never became a fixed and binding obligation because the event in the future contemplated by the parties failed to happen or occur.”
The chancellor was warranted, under the principle of the authorities cited, in entering the decree appealed from.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.