374 P.2d 286

**HALLIBURTON COMPANY, Plaintiff-
Appellant,**

v.

**R. G. McPHERON, Defendant-Appellee.**

No. 7127.

Supreme Court of New Mexico.

Aug. 30, 1962.

Easley & Pyatt, Hobbs, for appellant.

Kermit Nash, Hobbs, for appellee.

COMPTON, Chief Justice.

This is an appeal from a judgment in favor of defendant below dismissing the complaint of the plaintiff in its action to recover certain indebtedness of Bishop Canyon Uranium Corporation under a written letter of guaranty. The trial court found that the letter of guaranty was executed on the condition that it would not be effective and binding unless and until another person signed the same or a like guaranty, and concluded that on the failure of such other person to sign a like guaranty, the defendant did not become bound and obligated.

The sole issue before this court on appeal is whether the lower court erred in admitting parol evidence to show an oral condition precedent to the effectiveness of the contract of guaranty. The contention of the appellant here is that the evidence contradicted the terms of the writing in violation of the parol evidence rule and was, therefore, inadmissible.

The record discloses that at the time in question Bishop Canyon Uranium Corporation was indebted to appellant in the amount of $17,093.95; that on June 12, 1959, R. G. McPheron, appellee, an officer and minority stockholder of the corporation, at the instigation of appellant's agent, executed a letter of guaranty in that amount, and for continuing amounts, which letter stated that "the undersigned unconditionally guarantees payment." At the trial there was received, over the objection of appellant, parol evidence to show that appellee executed the instrument in Hobbs, New Mexico, on the condition that it was not to be in effect or binding unless and until another officer and majority stockholder, in Midland, Texas, executed the same or a like letter, and that it was understood by the parties that appellee executed the instrument at that particular time in order to save appellant's agent an extra trip from Midland back to Hobbs, after obtaining the other signature. The other signature was never obtained.

While appellant appears to concede that parol evidence may be admitted to show an oral condition precedent to the taking effect of an instrument where such evidence does not vary or alter the terms thereof, its position here is that where the written guaranty recites on its face that it is unconditional, parol evidence to show that it

was conditioned upon events not recited in the instrument, is evidence which alters and contradicts the terms of the writing and is inadmissible.

■ In support of its position appellant cites numerous cases which support the rule that parol evidence is not admissible to alter, vary or contradict the terms of a written instrument. Certainly there can be no criticism of these cases. This rule is properly applied in those cases in which the parties have bound themselves to a writing by its execution and delivery.

The cases cited by appellant to support the proposition that parol evidence of a conditional delivery of a written instrument is not admissible when it contradicts the terms of the writing are distinguishable from the case before us on the facts. We treat them briefly. In Chicago Title & Trust Company v. Cohen, 284 Ill.App. 181, 1 N.E.2d 717, the court refused parol testimony that the guarantors named in the written guaranty were not to become liable until others not named also signed, where the guaranty was made simultaneously with the execution of the principal contract which had been executed, delivered and the bonds called for had been issued and received. The court there held that since the uncontradicted allegations of the plaintiff as well as the face of the instrument itself denied the possibility of a conditional delivery, parol evidence was not admissible.

The cases of Yoder v. Nutrena Mills, Inc., (U.S.C.A. 8th Cir.), 294 F.2d 505 and Mapes v. Santa Cruz Fruit Packing Company, 26 Wash.2d 145, 173 P.2d 182, involved contracts which had been signed, executed, delivered and under which payments had been made or performance had pursuant to their terms. The oral evidence offered would have contradicted the terms of the written instrument and amounted not to a true conditional delivery in the first instance but to a preagreed modification of a subsequently executed instrument falling under the ban of the parol evidence rule. See also Meyer v. Armstrong, 49 Wash.2d 598, 304 P.2d 710 where the court found that the happening of the condition sought to be shown by parol would have contradicted the obligation rather than giving effect to it.

In the instant case, however, the parol evidence was admitted for the purpose of showing that until the happening of the oral condition agreed upon prior to and at the time of making the letter of guaranty there was, in fact, no delivery of the writing and consequently no written contract ever came into existence.

■ Parol evidence is admissible to show that parties, prior to or at the time a contract is made, entered into an agreement that such contract should become operative only on the occurrence of a particular condition or contingency, since such evidence only goes to prove that the writing never

matured as a valid obligation. This is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed. Val Verde Hotel Company v. Hubbell, 27 N.M. 545, 202 P. 982; Chappell v. Hasche, Fla.App., '98 So.2d 808; Allen v. Marciano, 79 R.I. 98, 84 A.2d 425; Alexander v. Kerhulas, 151 S.C. 354, 149 S.E. 12; Brown v. Cabell, 111 W.Va. 186, 161 S.E. 438; Hensley v. Echols, 159 Fla. 324, 31 So.2d 625; Kryl v. Mechalson, 259 Wis. 204, 47 N.W.2d 899; Sottong v. Magnolia Petroleum Company, (CCA 10th Cir.), 162 F.2d 811; Henderson v. Pierson (U.S. C.A. 10th Cir.), 201 F.2d 740; 32 C.J.S. Evidence § 935; 20 Am. Jur., Evidence § 1095; Wigmore on Evidence, Vol. IX, § 2410.

In Val Verde Hotel Company v. Hubbell, supra, this court said:

" * * * A conditional delivery of a written instrument arises when the party executing it, although parting with its possession, authorizes its delivery to the other party only upon the occurring of a future event. In such a case the instrument does not become binding until the actual delivery, but at the time of the execution of the instrument it is intended that, when delivered, it shall speak according to its expressed terms. When made it expresses the agreement, *but that agreement may or may not come into effect according to whether or not the terms of the conditional delivery are fulfilled.*" (Emphasis ours)

There was no attempt in this case to concede the existence and delivery of the instrument and then seek to nullify, change or modify the obligation itself. The unconditional guarantee to pay the obligation set forth in the writing itself was unaffected by the parol testimony as to the conditional delivery of the instrument, the happening of which condition was necessary before any obligation came into existence. As stated by Corbin on Contracts, Vol. 3, § 589, pp. 530–532:

" * * * A written document, unconditional on its face and fully executed, can be shown by oral testimony to have been delivered subject to a condition precedent. As long as the condition has not occurred * * * no contract has been made. Therefore, oral proof of the conditional delivery is admissible in spite of the face of the document to the contrary."

The case of Foot Schulze & Co. v. Skeffington et al., 52 N.D. 307, 202 N.W. 642, involved facts similar to those before us, with the additional fact that the writing provided that "this guaranty shall be bind-

ing on every party who signs it, whether same be signed by any other person or not." It was handed to the plaintiff on condition it should not be delivered or take effect until signed by another. In a suit on the guaranty the court said that while there could be no question as to the soundness of the proposition of law relative to the contradiction or variance of the terms of a written instrument by parol, that rule has no application until a written contract or agreement is established. It was held that the testimony rejected by the court was admissible for the purpose not of varying the terms of a written instrument or of showing a condition subsequent, by virtue of which such instrument once effective should become ineffective and inoperative, but, rather, for the purpose of establishing that at no time had there been an effective written contract; that there had been no delivery of the instrument as a contract, and that it never became operative. The same reasoning and law are applicable here.

We conclude that the parol evidence complained of was properly admitted and the judgment of the court below should be affirmed. IT IS SO ORDERED.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE, JJ., not participating.