18645

The KRAMER MACHINE COMPANY, Appellant, v. WINNSBORO PLYWOOD COMPANY, Respondent

(154 S. E. (2d) 685)

*Messrs. Drawdy & Able,* of Columbia, *for appellant,*

398

*Messrs. McDonald & McDonald,* of Winnsboro, *for respondent,*

May 8, 1967.

BRAILSFORD, Justice.

The Kramer Machine Company, a Pennsylvania corporation, sued Winnsboro Plywood Co., Inc., on a check for $1,667.56, of which the parties are, respectively, payee and maker. Plaintiff appeals from an adverse judgment.

The allegations of the complaint are appropriate to the recovery of judgment on the check as a promise to pay a sum of money. This is the only cause of action stated.

The answer pleads that the check was delivered on a condition precedent which has not been met; that is to say: The check, postdated by two weeks, was given for the balance due on the purchase price of a production machine, which had been manufactured for defendant by plaintiff. The check was delivered "upon the express condition that said check should not be presented for payment until the aforesaid machine had been tested by defendant and proven

satisfactory for production purposes * * * That the said machine was tested by the defendant and determined to be defective and unsuitable for production purposes. That plaintiff was duly notified that the machine was unacceptable."

The conditional delivery of a negotiable instrument may be asserted as a defense in an action on the instrument between the original parties. Section 8-827, Code of 1962; *Alexander v. Kerhulas,* 151 S. C. 354, 149 S. E. 12; 10 C. J. S., Bills and Notes, § 79; 11 Am. Jur. (2d), Bills and Notes, Section 279.

The only assignment of error challenges the refusal of plaintiff's motion for a directed verdict and its post trial motion for judgment notwithstanding the verdict. Therefore, the judgment appealed from must be affirmed if there was any evidence reasonably tending to establish the defense of conditional delivery.

In substance and effect, witnesses for defendant testified that the check in question was postdated and delivered in Pennsylvania on the express condition that it would be held by plaintiff for two weeks to give defendant an opportunity to test the machine at its South Carolina plant. The check was to be presented for payment only if the machine proved to be satisfactory. The machine did not meet contract specifications, and plaintiff was notified that defendant desired to rescind the contract for this reason.

It would serve no useful purpose to summarize the testimony. It clearly required submission of the defense to the jury.

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and G. Badger Baker, Acting Associate Justice, concur.