No. 35,342

HOMER SAVAGE, *Appellee,* v. BYRON MOORE, *Appellant.*

(119 P. 2d 535)

Opinion filed December 6, 1941.

*Walter S. Keith,* of Coffeyville, for the appellant.
*Aubrey Neale,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This action was to recover the balance on the purchase price of cattle sold by plaintiff to defendant. Plaintiff recovered judgment and defendant appeals.

The facts found by the trial court are stated in the record:

"That on the 10th day of December, 1940, the plaintiff was the owner of cattle which he offered to sell through one D. Irwin, a commission man, for the sum of $7,700. That the defendant, Byron Moore, offered to purchase said cattle for the sum of $7,600. That said parties were unable to agree upon a price and the said D. Irwin suggested that a coin be flipped and that if the plaintiff correctly called the flip of said coin, the defendant would purchase

said cattle for $7,700. That if plaintiff failed to call the flip correctly, the defendant could purchase said cattle for the sum of $7,500. That this was agreed upon by the plaintiff and defendant and the said D. Irwin flipped said coin and the plaintiff called it correctly. That after this was done, the defendant agreed to take said cattle and to pay the sum of $7,700 for the same. That thereafter and on the following day the defendant paid to the plaintiff the sum of $7,500 and agreed to pay the balance of $200 when the last load of cattle was delivered to him. That thereafter the cattle were delivered to him and the defendant accepted said cattle but refused to pay the balance of $200. That the only defense claimed by the defendant to the action is that there was no consideration for the $200 and that the contract was a wagering contract and was void."

Defendant contends the price of the cattle was fixed by the happening of an uncertain event, and that as the event had no relation to the value of the property, the transaction was a wager and void. (1 Williston on Sales, 2d ed. § 169; 2 Page on Contracts, 2d ed. § 830; 27 C. J. p. 1066.)

The contention ignores that part of the findings of the court which reads:

"That after this was done, the defendant agreed to take said cattle and to pay the sum of $7,700 for the same. That thereafter and on the following day the defendant paid to the plaintiff the sum of $7,500 and agreed to pay the balance of $200 when the last load of cattle was delivered to him."

From the findings made, it seems clear that the parties came to an independent agreement as to the price to be paid, and that the flipping of the coin was merely a part of the preliminary negotiations. This was evidently the view of the trial court and we concur in that conclusion.

The judgment is affirmed.