NELSON'S EXPRESS & WAREHOUSE CO., INC. *vs.* ALEXANDER GRANT & SON, INC.

Hampden. September 19, 1946. — November 1, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Contract*, What constitutes.

A letter from a defendant to the plaintiff, stating that "Confirming . . . conversations" between the parties the defendant "agree[s]" to perform certain services for the plaintiff, was not as matter of law in itself a contract for the services nor an acceptance by the defendant of an offer made by the plaintiff; and upon the letter as the only evidence a finding that in fact the parties did not make a contract for such services was warranted.

CONTRACT. Writ in the Superior Court dated November 15, 1943.

There was a finding for the defendant by *Giles*, J. The plaintiff alleged exceptions.

*I. M. Cohen*, for the plaintiff.

*J. S. Bulkley*, for the defendant, submitted a brief.

SPALDING, J. The plaintiff's declaration alleges that the defendant entered into an agreement with it on or about March 21, 1942, whereby the defendant was to lease to the plaintiff the premises at number 2 Birnie Avenue, Springfield, as a warehouse under a three year lease, and that the defendant in addition was to perform certain services for the plaintiff and failed to do so.

On April 9, 1942, a lease of the premises was executed by the parties for a three year term commencing June 1, 1942. The lease contained no reference to the services

mentioned in the declaration, and, it appears, they were not performed by the defendant as called for in the alleged agreement. The only basis for a contract concerning these services was a letter [1] sent by the defendant to the plaintiff on March 21, 1942, prior to the execution of the lease. It was conceded that the defendant's treasurer who signed the letter had authority to bind the defendant with respect to the matters mentioned therein. We assume, as the plaintiff has argued, that if the letter constituted a contract it might be treated as a collateral agreement which was not merged in the lease. See *Pybus* v. *Grasso*, 317 Mass. 716, 719, and cases cited. But the judge found that the "parties did not enter into the agreement as alleged in the plaintiff's declaration" — a finding, in effect, that the letter did not constitute the agreement between the parties. This finding was warranted on the evidence. It cannot be said as matter of law that the letter on its face amounted to a contract. The judge was not obliged to find that it was the acceptance of an offer made by the plaintiff merely because it contained a statement that it confirmed prior conversations. Doubtless such a statement could be treated as an admission of the defendant, but it was not conclusive. *Leary* v. *Keith*, 256 Mass. 157, 158. *Tully* v. *Mandell*, 269 Mass. 307, 309. *Morrissey* v. *Powell*, 304 Mass. 268, 269. Apart from this statement there was no evidence that the plaintiff ever made any offer to the defendant. Moreover it was open to the judge to find that the letter was itself an offer which the plaintiff never accepted. In any event, whether a contract arose from the letter was a question of fact.

There was no error in the denial of the plaintiff's third, fourth, fifth, sixth and ninth requests for rulings, and nothing

[1] "Confirming our conversations we agree to rent you our warehouse, at 2 Birnie Avenue, under a three (3) year lease for sixty dollars ($60.00) per month. We further agree to answer the phone, do a small amount of typewriting and check loads of merchandise leaving warehouse during our regular office hours. We originally planned that you would take over on May 1, 1942, but Mr. Frank our present tenant would appreciate a sixty day notice. Moving your date of occupancy to June 1, 1942. Of course if it makes any difference to you I can insist that Mr. Frank moves on May 1. By my agreement with him I am legally correct in doing this. I have a lease form in the office and if you would please stop in some morning we could go over it together."

would be gained in discussing them.   Moreover it is to be noted that the judge stated that his findings of fact were "independent of . . . [his] rulings on plaintiff's requests for rulings."   See *Brodeur* v. *Seymour*, 315 Mass. 527, 530.

*Exceptions overruled.*