415 P.2d 369

William D. GARVIN, Plaintiff-Appellant,

v.

William HUDSON, Defendant-Appellee.

No. 7801.

Supreme Court of New Mexico.

June 6, 1966.

Benjamin M. Sherman, Deming, for appellant.

Schaber & Arthur, Deming, for appellee.

## OPINION

MOISE, Justice.

This is an action wherein plaintiff-appellant seeks to recover $500.00, claimed to be the unpaid balance of the purchase price agreed to be paid by defendant-appellee on a piece of property sold by plaintiff to defendant.

It appears that on or about January 23, 1963, plaintiff agreed to sell and defendant to purchase a farm for the agreed price of $87,500.00 cash. The contract provided that a mortgage on the property should be paid off, "unless Hudson (purchaser), at his sole option, elects to assume the mortgage * * *," it being understood that in the event the mortgage was paid off, a penalty of $800.00 to $1,000.00 would become payable to the mortgagee. By letter agreement entered into on the same date as the contract, it was stipulated that plaintiff would pay the penalty if one became due. The deal was closed on February 25, 1963, and a closing statement signed by both parties set forth the consideration as $87,000.00, and this is the amount that was paid. It is the $500.00 difference between the contract price, and the amount actually paid, that plaintiff here seeks to recover.

The proof discloses, and the court found, that between the signing of the contract (January 23, 1963) and the closing (February 25, 1963), discussion continued between plaintiff and defendant on the question of whether defendant would pay off the mortgage and the plaintiff thereby be obligated to pay the penalty. Before the deal was closed a suggestion was made that a coin be flipped to determine whether or not the purchase price should be reduced by $500.00 but, regardless of the outcome, the obligation to pay the penalty would be defendant's in the event he chose to pay off the mortgage, thereby relieving plaintiff of any obligation in connection therewith. The suggestion was adopted; a coin was flipped, and defendant won the toss. It was in conformity with this result that the purchase price was reduced $500.00 and the closing completed accordingly.

Plaintiff's principal claim of error turns on his assertion that the closing agreement was void because arrived at through gambling. It is his position that since the agreed purchase price was reduced $500.00 by the toss of a coin, which he describes as a "gambling device," the agreement was void under the provisions of §§ 22–10–1 and 22–10–4, N.M.S.A.1953. These sections read:

"22–10–1. Any person who shall lose any money or property at any game at cards, or at any gambling device, may recover the same by action of debt, if money; if property, by action of trover, replevin or detinue."

"22–10–4. All judgments, securities, bonds, bills, notes or conveyances, when

the consideration is money or property won at gambling, or at any game or gambling device, shall be void, and may be set aside or vacated by any court of equity upon a bill filed for that purpose, by the person so granting, giving, entering into, or executing the same or by any creditor or by his executors, administrators, or by any heir, purchaser or other persons interested therein; * * *."

It is obvious that in the instant case no "game at cards" was involved. Accordingly, § 22–10–1, supra, has no pertinence unless plaintiff's loss was "at a gambling device." Similarly, § 22–10–4, supra, is involved only if the consideration was won or lost "at gambling, or at any game or gambling device." It behooves us, then, to explore what is "gambling" and what constitutes a "gambling device."

Plaintiff directs our attention to §§ 40A–19–1 and 40A–19–2, N.M.S.A.1953, for the meaning of "bets" and for the prohibition thereof, as well as for the definition of "gambling device." These sections became effective July 1, 1963, after the transaction here in issue occurred and, accordingly, could in no way affect the same.

Plaintiff relies on certain cases where "gambling" is defined, as well as the term, "gambling device." However, we fail to appreciate their application or pertinency under our facts. Examples of agreements reached, even though an element of chance entered in, are found in Wilkie v. Weller, 222 Mich. 664, 193 N.W. 235, and in Savage v. Moore, 154 Kan. 560, 119 P.2d 535. The situation in the latter of these cases is closely similar to that present in the instant case.

We also note Young v. Stephenson, 82 Okl. 239, 200 P. 225, 228, 24 A.L.R. 978, 984, where it is stated that, "One of the conditions in a gambling or wagering contract is there is no opportunity for both sides to make gains. One must gain and the other must lose." Under the facts here present, if defendant won he assumed the duty to pay the penalty amounting to $800.00 to $1,000.00 if he chose to pay off the mortgage, and, in return, was granted a reduction of $500.00 in the purchase price. At the same time, if plaintiff lost, he was nevertheless relieved of the contingent liability to pay the $800.00 to $1,000.00 penalty, should defendant choose to pay off the mortgage. If he had won, he would have been relieved of this liability, but the price would not have been reduced. That there was benefit to plaintiff in being relieved of the duty to pay the penalty would seem to be apparent. In other words, for $500.00 reduction in the price, he was relieved of a contingent liability which could have amounted to $800.00 to $1,000.00. We see no evil in the use of a flip of a coin for the purpose of determining which alternative should be applicable. Neither do we see any violation of the laws against gaming or gambling as they then read. Ac-

cordingly, plaintiff's first point is ruled against him.

■ As his second point, plaintiff argues that the court erred in excluding evidence that the $500.00 price reduction was conditioned on defendant's paying the mortgage down to $1,000.00. Principal reliance in support of his position is placed upon what we said in Halliburton Company v. Mc-Pheron, 70 N.M. 403, 374 P.2d 286. The court, in the instant case, found that the closing statement of February 25, 1963 was made "with full knowledge of its contents and both parties accepted money and consideration therein recited;" and, further, that the purchase price was reduced $500.00; the defendant was free to assume the mortgage or pay it off, and the plaintiff relieved of any liability for the penalty if it was paid off.

Plaintiff first argues that reversible error resulted from the exclusion of the evidence. Aside from the fact that it is not entirely certain that the evidence was not considered, it is clear that Halliburton Company v. McPheron, supra, furnishes no support for plaintiff's position. In that case, the evidence held admissible was directed at establishing that no delivery, and accordingly no contract, had been consummated; not to alter the terms of an agreement duly entered into. We there said:

"Parol evidence is admissible to show that parties, prior to or at the time a contract is made, entered into an agreement that such contract should become operative only on the occurrence of a particular condition or contingency, since such evidence only goes to prove that the writing never matured as a valid obligation. This is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed. * * *"

Compare Ricker v. B–W Acceptance Corp. (C.A.10, 1965) 349 F.2d 892.

■ The rule is otherwise where parol evidence is offered to alter, change, vary or modify the terms of a contract between parties. Alford v. Rowell, 44 N.M. 392, 103 P.2d 119. We find no error in the court's action in connection with the tendered proof.

■ Plaintiff recognizes that findings based upon conflicting evidence will not be disturbed in this court, but asserts that there is no proof that will support defendant's version of the transaction adopted by the court. It is plaintiff's position that defendant in a tape-recorded telephone conversation admitted that the agreement to reduce the price was as claimed by plaintiff, viz., conditioned on payment of the mortgage down to $1,000.00, and that defendant was bound thereby as an admission against interest. However, it has long been the rule that extra-judicial admissions

**408**

are not binding or conclusive and are subject to explanation by the parties. Zengerle v. Commonwealth Insurance Co. of N. Y., 63 N.M. 454, 321 P.2d 636; Ward v. Ares, 29 N.M. 418, 223 P. 766; Aide v. Taylor, 214 Minn. 212, 7 N.W.2d 757, 145 A.L.R. 530; Meyer v. Platte Valley Const. Co., 147 Neb. 860, 25 N.W.2d 412; Nelson's Express and Wrhse. Co. v. Alexander Grant and Son, 320 Mass. 317, 69 N.E.2d 458. The evidence, including the tapes and defendant's testimony at trial, was properly considered by the court and his finding, which accords with testimony from the witness stand, will not be reversed by us.

Our determination of Point II likewise disposes of plaintiff's Point III in which he complains of the court's failure to conclude that tape recordings of conversations between the parties were admissible to show the closing statement was conditionally entered into. Plaintiff was not prejudiced, as appears from what is said above. In addition, we would note that plaintiff's requested conclusion is, in our view, neither a finding of fact nor a conclusion of law. Rather, it should be characterized as an exception to the ruling of the court on evidence.

It follows from the foregoing that the case should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.