423 P.2d 878

**BLUEHER LUMBER COMPANY, a New Mexico corporation, Plaintiff-Appellant,**

**v.**

**Thomas E. SPRINGER and Cynthia J. Springer, his wife, Defendants-Appellees.**

**No. 8141.**

Supreme Court of New Mexico.

Feb. 13, 1967.

Oliver B. Cohen, Albuquerque, for appellant.

Edwin W. Stockly, Los Alamos, for appellees.

## OPINION

WOOD, Judge, Court of Appeals.

Plaintiff appeals from the judgment entered at the close of plaintiff's evidence, which discharged its materialman's lien and dismissed its complaint. Seven points are relied on for reversal. Two are dispositive. They are (1) whether plaintiff's proof was sufficient to establish its claim of lien and (2) whether the judgment at the close of plaintiff's evidence was proper.

Defendants contracted with Anthony J. Garcia to construct a residence on their lot. During the time Mr. Garcia was building the house for defendants, he was building houses for two other people. During this construction Mr. Garcia maintained a construction shed on defendants' lot.

Mr. Garcia ordered materials for the three jobs from plaintiff. Plaintiff kept Mr. Garcia's account on ledger sheets showing the date, invoice number and the amount charged to Mr. Garcia. The ledger sheets did not identify the job for which the materials were furnished.

Mr. Garcia's account not being paid, plaintiff filed a claim of materialman's lien for $4,609.84. The claim is based on invoices which are in evidence as plaintiff's exhibits 2 through 9. $2,000.00 having been paid by defendants, plaintiff brought suit for $2,609.84 and asked that the lien be foreclosed to satisfy the claimed indebtedness.

The evidence shows that plaintiff furnished the materials and that it furnished them to Mr. Garcia. However, under § 61-2-2, N.M.S.A.1953, the lien is for "furnishing materials to be used in the construction. * * *"

What proof is needed to meet this statutory requirement? Tabet v. Davenport, 57 N.M. 540, 260 P.2d 722; Home Plumbing and Contracting Co. v. Pruitt, 70 N.M. 182, 372 P.2d 378 and Allsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 385 P.2d 625, contain statements to the effect that there must be proof of actual use. Plaintiff contends that such proof is not required. The Tabet and Allsop cases also refer to proof that the materials were sold for use in the particular building or project. Thus, there must be proof that plaintiff furnished the materials for use in defendants' house. Unless there is such proof, we do not reach the question of actual use.

Plaintiff asserts that proof that the materials were sold for use in defendants' house may be made in either of two ways: (1) by proof of delivery of the materials to the liened property or (2) by proof that the materials were furnished for use in defendants' house. These views are discussed in the annotation appearing at 39 A.L.R.2d 394.

Assuming, but not deciding, that proof of the lien may be made as asserted by plaintiff, we examine the evidence to determine if such proof was made.

Each invoice had a notation as to where the material shown on the invoice was to be delivered. The delivery instruction for exhibit 2 is Lot 84; the delivery instructions for the other exhibits is Lot 82. Defendants own Lot 82.

The testimony as to actual delivery is as follows: Mr. Cecil Contreras delivered the materials itemized on exhibits 3, 4, 6 and 8. He didn't know whether he delivered the materials to defendants' lot or some other lot. He delivered to "all them houses," to where the building was going on, to where Mr. Garcia or his carpenter told him to deliver it. Mr. Eulalio Contreras delivered the materials listed on exhibits 5 and 9. He delivered the material to the construction shed. Mr. Perea delivered the material shown on exhibit 7 to the construction shed. There is no evidence showing where the material listed on exhibit 2 was delivered.

Even if the materials delivered to the construction shed may be deemed to have been delivered to defendants' lot, there is no evidence that the material itemized on the remaining exhibits was so delivered. The $2,000.00 paid by defendants exceeds the total for materials delivered to the construction shed. Therefore, the trial court correctly ruled that there was no evidence to show delivery of materials to defendants' lot which would support a lien for the claimed balance of $2,609.84.

The materials were furnished to Mr. Garcia who was building three houses, only one of which belonged to defendants. Plaintiff's ledger did not attribute the material to a particular house. After the materials had been furnished to Mr. Garcia, a meeting was held seeking an agreement allocating the invoices to the three jobs. The testimony conflicts as to whether agreement was reached. The trial court found that the materials were not segregated according to the lot or improvement on which they were intended to be used. The evidence supports this finding. There was a failure of proof that the materials itemized on the invoices were furnished for use in defendants' house.

There being a failure of proof that the plaintiff furnished materials "to be used in the construction" of defendants' house, the judgment correctly discharged

the lien against defendants' property. It also correctly dismissed the claim seeking personal judgment against the defendants. Allison v. Schuler, 38 N.M. 506, 36 P.2d 519; Home Plumbing and Contracting Co. v. Pruitt, supra.

The trial court made findings of fact and conclusions of law and rendered judgment on the merits at the close of plaintiff's case. Plaintiff asserts this action was error because it had established "at least a prima facie case." Such action was proper under § 21–1–1(41) (b), N.M.S.A. 1953; Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824. The trial court was not required to view plaintiff's testimony, together with all reasonable inferences therefrom in its most favorable aspect for plaintiff. Rather, the court weighs the testimony and applies its judgment thereto. Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438; Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568. "A prima facie case" does not preclude this action by the trial court. Huber v. American President Lines, 240 F.2d 778 (2d Cir. 1957).

The judgment is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.