465 P.2d 85

Jose E. GRIEGO, Plaintiff-Appellee,

v.

Eustacio ROYBAL, Eustacio Roybal, the younger, sometimes known as Ermundo Roybal, and Soledad Roybal, Defendants-Appellants.

No. 8900.

Supreme Court of New Mexico.

Feb. 16, 1970.

John B. Speer, Robert C. Resta, Albuquerque, for appellants.

Catron, Catron & Donnelly, Santa Fe, for appellee.

OPINION

WATSON, Justice.

This is an appeal from a judgment based on a directed verdict for plaintiff after our remand directing a jury trial. See Griego v. Roybal, 79 N.M. 273, 442 P.2d 585 (1968). Plaintiff Griego sought to establish title to and possession of lands from defendants. Plaintiff's title was based upon a tax deed for delinquent taxes for the year 1944 assessed in the name of L.C., H.C., & A.C. Ilfeld on Private Claim 341 of the Pecos Pueblo Grant. The patent for the land in dispute had been issued to Louis Ilfeld in 1936 but possession had been in the defendants Roybal.

Mrs. Soledad Roybal testified that in November, 1944, she went to the Santa Fe County Courthouse and offered to pay the taxes on the ranch in La Cueva where the government had placed them. She said the treasurer knew of the land she referred to

but told her she didn't have to pay anything.

Defendants, appellants here, rely upon our decision in Scudder v. Hart, 45 N.M. 76, 110 P.2d 536 (1941). There we held that where the agent for a mortgagee and his successor, upon tendering payment of taxes, was mistakenly advised by the county treasurer that all outstanding taxes had been paid the treasurer's action would constitute constructive fraud, and the later tax sale would be set aside. Those portions of § 76–726, N.M.S.A., 1941 Comp. (since amended § 72–8–20, N.M.S.A., 1953 Comp.), applicable here read:

"In all controversies and suits involving title to property, claimed and held under * * * [and] by virtue of a tax deed executed substantially as aforesaid by the treasurer, the party claiming adverse title to that conveyed by such deed shall be required to prove, in order to defeat the said title, either that the said property was not subject to taxation for the year or years named in the deed * * *, or that the taxes had been paid before sale, * * * but no person shall be permitted to question the title acquired by deed [of the treasurer] without first showing that he, * * * *had title thereto at the time of sale.* * * * and that all taxes due upon property have been paid by such person, * * * Provided, further, in all cases where the *owner* of land sold for taxes shall resist the validity of such [tax] title, such *owner* may prove fraud committed by the officer selling the said lands, or in the purchaser, to defeat the same, and, if fraud is established, such title shall be void. * * *" (Emphasis added.)

In order to prove ownership at the time of the sale, as required by the statute, appellants rely upon the 10-year adverse possession statute, § 23–1–21, N.M.S.A., 1953 Comp. We assume, but do not decide, that this is the applicable statute. It benefits only persons "* * * holding or claiming the same [land] by virtue of a deed or deeds of conveyance, devise, grant or other assurance purporting to convey an estate in fee simple, * * *" and permits such persons to retain possession of "such quantity of lands as shall be specified and described in his, her or their deed of conveyance * * *." We have later referred to this as the "color of title" requirement.

Appellants have no deed but rely upon the doctrine of lost deeds as set forth in Johnson v. Johnson, 74 N.M. 567, 396 P.2d 181 (1964).

We recite from defendants' résumé of facts as follows:

Mr. Eustacio Roybal testified that in 1933 he lived in Pecos and was on relief. A government employee named Frank Manzavares, who was in charge of a relief garden in Pecos, asked Mr. Roybal if he had any land, to which the answer was no, and he asked Mr. Roybal to accompany him to Las Vegas, where the government was going to give land to heads of households.

People at the office in the courthouse suggested other locations, and then this land in Santa Fe County, for Mr. Roybal. They gave him a document and letter to bring to an office in Santa Fe. Mr. Roybal speaks only Spanish, and he used the word "documento." From the little that Mr. Roybal understood the deed was for property that belonged to Louis Ilfeld; then the government bought it from him and left it to Mr. Roybal. He was asked by his attorney if there was anything in the document he could read, and he said: "No, it was in English and I don't know anything in English."

The day after they went to Las Vegas, Manzavares accompanied Roybal to the property and pointed out the markers along which Roybal subsequently ran his fences. Appellant claims that these markers define the boundaries of Private Claim 341.

He left the papers in the house where he had lived in Pecos, and they were burned up by children who played there.

There was no further evidence concerning the contents of the documento or deed or the burned papers.

In Johnson v. Johnson, supra, we said:

"Since this appeal involves the loss of a muniment of title, we must determine whether there is strong and conclusive evidence of the existence of, the loss of, and the contents of the deed in question."

In Johnson v. Johnson, supra, a witness testified that he was present when the deed (later burned) was delivered, that the grantee had read the deed to him, and that it described the quarter section of land involved in the litigation. In the present case evidence as to the contents of the deed is so clearly insufficient that we need not determine the sufficiency of the evidence as to the existence of, and the loss of, the deed.

■ The evidence as to the contents of the document is that it covered land belonging to Louis Ilfeld in Santa Fe County. Even this is not clear. The requirement of a description from which the land could be located is as necessary in the "color of title" document under § 23–1–21, supra, as it is in other cases where documentary title is established against third parties. Marquez v. Padilla, 77 N.M. 620, 426 P.2d 593 (1967). The same is true under § 23–1–22, N.M.S.A., 1953 Comp. Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681 (1963). If we indulged in greater presumptions regarding the sufficiency of descriptions in lost deeds, we would be inviting adverse claimants with insufficient deeds to lose them.

■ Conceding the truth of Mr. Roybal's testimony and reviewing it in the light most favorable to appellants, and after indulging in all reasonable inferences for them, we still feel that reasonable minds could not differ on the question of whether the evidence as to the contents of the lost deed would describe the property or could have conveyed anything within the meaning of § 23–1–21, supra. There

was insufficient evidence of color of title to submit the question to the jury. Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966). Goldenberg v. Village of Capitan, 53 N.M. 137, 203 P.2d 370 (1948).

But, appellants say, even if they had not established themselves as owners of the property at the time of the sale, they were in possession attempting to establish ownership and so were entitled to pay the taxes; otherwise the requirement of payment of taxes under § 23–1–22, supra, would be meaningless. Both §§ 23–1–21, supra, and 23–1–22, supra, require "color of title" and give no benefits without it. Only § 23–1–22, supra, requires payment of taxes. Its provisions might be said to be meaningless if one in possession under "color of title" was not allowed to pay taxes.

Appellants cite Turner v. Sanchez, 50 N.M. 15, 168 P.2d 96, 164 A.L.R. 1280 (1946), where we held that one in possession *under color of title* but short of the prescribed period was a "person *having* a legal or equitable right" (emphasis added) within the meaning of § 76–713, N.M.S.A., 1941 Comp., and could redeem property sold for taxes. We quoted the general rule as allowing anyone to redeem who had an interest which would be affected and declared the tax deed void but did not refer to the provisions of § 76–726, supra.

In Sunderman Inv. Co. v. Craighead, 143 Minn. 286, 173 N.W. 653 (1919), a defendant with possession only was allowed to redeem. There the statute granted this right to "any person *claiming* an interest" (emphasis added) in the land. The Minnesota court pointed out the difference between having and claiming the interest. Appellants have shown us no authority, nor have we found any, holding that one in possession only has such a substantial interest as to be entitled to the benefits of a redemption statute similar to ours.

Appellants point out that in Scudder v. Hart, supra, we quoted from 2 Cooley, Taxation, 1043 (3rd Ed.), to the effect that a statute giving a right of redemption

to an owner could embrace anyone who had a substantial right in the premises. Since the question in Scudder, supra, was one of tender of payments rather than redemption, we will assume that in either event anyone with a substantial right in the property should be deemed to fall within the provisions of § 76–726, supra, and to have "had title" so as to be able to question the tax deed, and to be an "owner" who can void it for fraud. Such substantial rights would include the holder of liens, as in Scudder, supra; holder of tax sale certificates, as in Cox v. Shipe, 44 N. M. 378, 102 P.2d 1115 (1940); and those in possession under color of title, as in Turner v. Sanchez, supra.

■ We hold, however, that the mere possession of land is not such a substantial right as would constitute "title" and "ownership" required by § 76–726, supra, even under the most liberal interpretation of those terms. One should not be permitted to go further under the law than necessary to protect his interests. See 4 Cooley, Taxation, §§ 1564 and 1565 (4th Ed. 1924). In Scudder, supra, the majority held the tax deed was not void as to the mortgage holder but was subject to it. If the same relief is granted appellants here it avails them nothing, as they show no title or right to possession in the property.

■ Conceding, therefore, that Mrs. Roybal did tender payment of all taxes due and owing on Private Claim 341, and assuming that she was wrongfully prevented from so paying; nevertheless, since appellants could show no color of title, they did not have title to the land at the time of the sale and were not the owners of the land sold for taxes and, therefore, could not claim fraud nor contest appellee's tax deed under provisions of § 76–726, supra.

■ Plaintiff-appellee having established his title to the property under the tax deed, and defendants-appellants' defense thereto having failed as a matter of law, it was not error for the trial court to direct the verdict for the plaintiff. Heisch v. J. L. Bell & Co., 11 N.M. 523, 70 P. 572 (1902); Melhop v. Costa, 26 N.M. 337, 192 P. 477 (1920).

The judgment is affirmed.

It is so ordered.

COMPTON and SISK, JJ., concur.