467 P.2d 398

Margarito M. MARTINEZ and Margarita L. Martinez, his wife, Plaintiffs and Cross-Defendants-Appellees,

v.

Jose Enrique TRUJILLO, Casiano Trujillo and Elsida Martinez, Defendants and Cross-Complainants-Appellants.

No. 8975.

Supreme Court of New Mexico.

April 6, 1970.

Claude S. Sena, Santa Fe, for appellants.

Chacon & Melendez, Espanola, Florenceruth J. Brown, Santa Fe, for appellees.

OPINION

TACKETT, Justice.

Plaintiffs sued in Rio Arriba County, New Mexico, to eject defendants from lands situate in the Village of Ensenada. Defendants answered, denying the allegations of the complaint and filed a cross-complaint seeking to quiet title to the lands in their favor. After trial without a jury, judgment was entered in favor of plaintiffs. Defendants appealed.

Appellants rely on four points for reversal, all of which are challenges to the trial court's findings of fact.

We have carefully reviewed the transcript of the proceedings and the findings of fact made by the trial court and, in our view, the findings are supported by substantial evidence. Davis v. Padilla, 79 N.M. 753, 449 P.2d 661 (1969).

We said in Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968), that substantial evidence is relevant evidence acceptable to a reasonable mind.

We have repeatedly held that findings of fact that have substantial support in the evidence (as in the case before us) will not be disturbed on appeal. Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69 (1962); Gould v. Brown Construction Company, 75 N.M. 113, 401 P.2d 100 (1965).

The evidence must be viewed by us in its most favorable light in support of the findings. If the evidence when so viewed, including the reasonable inferences therefrom, supports the findings, then all contrary evidence must be disregarded. McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968); Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct.App.1968).

Appellants' contentions are without merit. The decision of the trial court is affirmed. It is so ordered.

COMPTON, C. J., and WATSON, J., concur.

WATSON, Justice.

I add the following as additional reasons for my concurrence in this opinion.

Appellants' chain of title depended upon proof of the existence and contents of a lost deed. The proof consisted of testimony of two of the appellants that they had seen the deed, and the testimony of the abstracter, Mr. DeVargas, who prepared the deed from Faustin Trujillo and wife to appellants in 1956. Mr. DeVargas testified that at the time he prepared this deed he got the description used in it from a deed from Francesquita Trujillo to Faustin Trujillo (the lost deed). Although this evidence might be sufficient to establish the parties to, and the description in, the lost deed, we cannot say that it was so strong and conclusive of its contents that the trial court was required to find the existence of the deed necessary to establish appellants' title. Johnson v. Johnson, 74 N.M. 567, 396 P.2d 181 (1964); Griego v. Roybal, 81 N.M. 202, 465 P.2d 85 (1970); Blueher Lumber Company v. Springer, 77 N.M. 449, 423 P.2d 878 (1967); Panhandle Pipe and Steel, Inc. v. Jesko, 80 N.M. 457, 457 P.2d 705 (1969).

Appellants' attack on the sufficiency of evidence to establish appellees' title because of statements or actions of the admitted heirs of Francesquita Trujillo, which would indicate that they thought they did not own the lands in question, are not conclusive as to their title. See 31A C.J.S. Evidence § 380; Garvin v. Hudson, 76 N.M. 403, 415 P.2d 369 (1966).

Since appellants do not plead or argue that they have established title by adverse possession, they are not prejudiced by the court's finding that plaintiffs and their predecessors had paid taxes on the land for more than 10 years. Renfro v. J. D. Coggins Company, 71 N.M. 310, 378 P.2d 130 (1963).