519 P.2d 294

STATE of New Mexico, ex rel. SANTA FE SAND & GRAVEL COMPANY, a New Mexico Corporation, Plaintiff-Appellant,

v.

PECOS CONSTRUCTION COMPANY, INC., a New Mexico Corporation, et al., Defendants-Appellees.

No. 9623.

Supreme Court of New Mexico.

March 1, 1974.

Olmsted & Cohen, Santa Fe, for plaintiff-appellant.

Glenn G. Stiff, Roswell, for defendants-appellees.

## OPINION

MARTINEZ, Justice.

Plaintiff (appellant), Santa Fe Sand And Gravel Company, as subcontractor, entered into a Subcontract with defendant (appellee), Pecos Construction Company, Inc., on May 11, 1966 in which appellant was to perform earth moving work in connection with the construction of the New Mexico Public Employees Retirement Board (P.E.R.A.) building. Appellee was to pay appellant $43,000.00 for this work. During the period from May 11, 1966 through November 24, 1967, appellant performed the earth moving work and was paid $39,028.30 by appellee. Thereafter, appellee refused to pay appellant any more than an additional $8,197.20. Appellant claimed that the subcontract executed was a "unit price" contract and that it should receive compensation in the amount of 60 cents per cubic yard of mass excavation and $1.-00 per cubic yard of backfill. It further claimed that based upon this "unit price" arrangement, it should receive a total of $32,250.00 extra compensation. Appellee contended that a total of $39,028.30 had been paid and that $8,195.20 was still owing to appellant under the subcontract and

for some extra work. Essentially, appellee contended that appellant's claim was barred by the very terms of the subcontract which provided for a "lump sum" arrangement.

The case was tried before the trial judge commencing on August 31, 1970, after which all parties submitted their requested findings of fact and conclusions of law. On September 13, 1971, the trial court awarded appellant $8,366.80. From this judgment, appellant makes its appeal.

Appellant has raised eight points on appeal which can be condensed and summarized as follows:

1. The subcontract entered into by the parties was a "unit price" rather than a "lump sum" agreement;

2. If not a unit price contract, then appellee induced appellant to enter into a lump sum contract by representing that construction would require only 35,450 cubic yards of mass excavation and 4,500 cubic yards of backfill; and

3. Appellee required appellant to perform extra excavation work and appellant should receive the reasonable value of this extra work.

With reference to the first point on appeal, the trial court found that appellant had the opportunity to make and did make an independent estimate of the volume of mass excavation for the P.E.R.A. building. This contradicts appellant's contention that it could not make such an estimate and that it had to be informed by appellee as to the volume of excavation and backfill as the work progressed at the job site. This means that a lump sum arrangement would be impossible for appellant to agree to and that a unit price arrangement, whereby appellant would receive 60 cents per cubic yard of excavation and $1.00 per cubic yard of backfill, was agreed to by the parties.

We have held on numerous occasions, that where findings of fact have substantial support in the evidence, they will not be disturbed on appeal. Martinez v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970). We have also held that conflicts in the evidence on appeal must be resolved in favor of the successful party and inferences to the contrary will be disregarded. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). We have examined the transcript concerning this question and find that the trial court's findings are supported by substantial evidence.

Appellant next claims that the subcontract is vague and ambiguous as to the amounts and dimensions of mass excavation and backfill to be performed by appellant. Thus, argues appellant, the intention of the parties in this regard must be determined from antecedent and extrinsic circumstances, all of which point towards a unit price rather than a lump sum contract. The trial court found that, "25. The Subcontract, as finally executed between the parties, required Plaintiff to 'furnish all plant, labor and equipment required to perform' the 'mass excavation * * * backfilling at building' and other items of work in accordance with the architect's plans and specifications for the Building for the sum of $43,000.00; * * *." It concluded that "I. The Subcontract entered into between Pecos and Plaintiff expressed the real intention of the parties and was not vague or ambiguous as to the work to be performed by Plaintiff." The trial court then went on to conclude that "II. Plaintiff assumed all the risks which were inherent in the estimation of the volumes of mass excavation and backfill for the Building." We have reviewed the transcript and there certainly is substantial evidence to support the trial court's finding in this regard. Martinez v. Trujillo, supra.

With reference to the first point on appeal, appellant finally claims that based on the subcontract itself, the parties agreed to a "unit price" arrangement whereby appellant was to perform 35,450 cubic yards of mass excavation and 4,500 cubic yards of backfill for $43,000.00. This claim clearly challenges the terms of the subcontract itself which do not place any limitation upon the quantities of excavation and backfill. As was stated above by the trial court in its finding number 25, appellant agreed to furnish all plant, labor,

and equipment to perform the mass excavation and backfill for the sum of $43,000.-00. There is no unit price arrangement mentioned in the subcontract and none is contemplated. The meaning of a contract is to be determined and construed with reference to the intention of the parties at the time the contract was made. Fuller v. Crocker, 44 N.M. 499, 105 P.2d 472 (1940). Also, the controlling intention of the parties is the mutually expressed assent and not the secret intent of a party. Higgins v. Cauhape, 33 N.M. 11, 261 P. 813 (1927). We have reviewed the terms of the subcontract and the testimony of the various witnesses and affirm the finding of the trial court that appellee expressly refused to enter into a unit price contract and that the parties intended a lump sum arrangement.

Appellant's second point on appeal is that even if the subcontract is a lump sum contract, prior to its execution, appellee induced appellant to enter into such a lump sum agreement by representing to appellant that construction would require only 35,450 cubic yards of mass excavation and 4,500 cubic yards of backfill. Also, the appellant claims to have reasonably relied upon these representations.

The trial court found that, "21. There was no bad faith or ulterior design on Peter York's part in offering to Plaintiff his estimate of the volume of mass excavation." It also found that, "22. Independently of the estimate made by Peter York, Plaintiff made its own 'takeoff' or estimate of the volume of mass excavation for the Building in advance of the execution of the Subcontract." The trial court then concluded, "III. * * * there was no fraud or misrepresentation on Pecos' part * * *.", and that "IV. Plaintiff was not justified in relying and did not rely upon any representation by Pecos * * *." In Bell v. Kyle, 27 N.M. 9, 192 P. 512 (1920), the circumstances which would deprive a party of the right to rely upon a representation were stated:

" '(1) When, before entering into the contract or other transaction, he actually resorts to the proper means of ascertaining the truth and verifying the statements; (2) when having the opportunity of making such examination, he is charged with the knowledge which he necessarily would have obtained if he had prosecuted it with diligence; (3) when the representation is concerning generalities equally within the knowledge, or the means of acquiring knowledge, possessed by both parties; * * *.' " Id., 27 N.M. at 15, 192 P. at 514.

Even assuming, but not deciding, that appellee did represent that only the aforementioned volume would be excavated by appellant, appellant was not justified in relying upon this estimate since the real volume of excavation was equally within its knowledge and it made an independent estimate on its own. Id. In any event, we have examined the trial record and find neither representation nor reliance thereon. Since the trial court's findings find support in the record, they will not be disturbed on appeal. Martinez v. Trujillo, supra.

Appellant's final point for consideration is that appellee required appellant to perform extra excavation work and appellant should receive the reasonable value of this extra work in the amount of $32,250.-00. The trial court found that appellant initiated all extra work performed in the excavation of the basement of the P.E.R.A. building. Since the uncertainty of the volume of the excavation and backfill was the responsibility of appellant, this uncertainty was a risk which appellant assumed as part of the bargain. 17 Am.Jur.2d, Contracts, § 145 (1964); Williston On Contracts, § 1543 (3rd ed. 1970). Therefore, any extra work performed by appellant but not required by appellee, was performed at appellant's expense as part of the risk of the bargain. The court also found that appellant failed to fulfill the requirements stated in Section 10 of the subcontract which related to extra work and compensation therefor. Section 10 stated that before any extra work was commenced, the subcontractor must obtain

written authorization from the contractor which would reflect the amount by which the subcontract would be adjusted. This written authorization was never secured by appellant. In addition, the trial court concluded that "V. Plaintiff was under a duty to exercise that degree of care and diligence which would be exercised by excavation subcontractors of reasonable prudence under like circumstances and any mistake as to quantities of mass excavation which resulted from a failure on Plaintiff's part to exercise such care and diligence does not justify the Court in relieving Plaintiff of its obligations under the Subcontract." And finally, the trial court concluded that appellant was entitled to $3,971.70 as the balance due under the subcontract, $4,225.00 for ´extra work and equipment rental, and $170.10 for fifteen pieces of two-inch pipe. We have reviewed the trial record concerning the issue of extra compensation and affirm the findings as supported by substantial evidence. Martinez v. Trujillo, supra. Therefore, the judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.